UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| CHEYNE NORMAN, PATRICIA WECKWERTH and SOPHIA WESCOTT, individually, on behalf of a class of similarly situated individuals, | § § § § § | No. 3:18-cv-00588 |
| Plaintiffs, | § § | Judge William L. Campbell<br>Magistrate Judge Newbern |
| v. | § § | |
| NISSAN NORTH AMERICA, INC. and NISSAN MOTOR COMPANY, LTD., | § § § § | |
| Defendants. | § | |

## PROPOSED INITIAL CASE MANAGEMENT ORDER

The parties, by and through undersigned counsel, and pursuant to LR 16.01 and Rule 26(f) of the Federal Rules of Civil Procedure, hereby submit this Proposed Initial Case Management Order:

**A.  Jurisdiction and Venue:**

Plaintiffs assert this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d). NNA does not dispute jurisdiction or the appropriateness of venue in this Court.

**B.  Status of Service of Process and Responsive Pleadings:**

**1.  Service of Process**

Defendant Nissan North America, Inc. ("NNA") has been served. Defendant Nissan Motor Co., Ltd. ("NML") has not been served with process. The Parties are in discussion about a potential agreement to dismiss NML without prejudice in exchange for certain agreements regarding discovery and tolling of limitations.

### 2. Responsive Pleadings

NNA moved to dismiss Plaintiffs' Class Action Complaint on August 29, 2018. The deadline for Plaintiffs' Opposition to NNA's Motion to Dismiss is September 27, 2018, and NNA's Reply is due October 18, 2018.

### C. Theories of the Parties:

#### 1. Plaintiffs:

Plaintiffs contend the following: This nationwide class action arises out of Nissan's alleged failure to disclose that the 2013-2017 Nissan Versa, 2013-2017 Nissan Versa Note and 2013-2017 Nissan Juke vehicles ("Class Vehicles") equipped with a Continuously Variable Transmission ("CVT") are defective. Specifically, the Class Vehicles' CVT is defective in that it causes sudden, unexpected shaking and violent jerking (commonly referred to as "juddering" or shuddering") when drivers attempt to accelerate their vehicles; it causes the vehicle to lag or delay when the driver tries to accelerate, causing an unsafe, unpredictable acceleration; it exhibits a hard deceleration or "clunk" when drivers either slow down or accelerate at low speeds; it causes complete transmission failure in the middle of roadways, and it suffers catastrophic failure, necessitating replacement, all of which pose an unreasonable safety hazard to consumers and the general public (the "CVT Defect"). Owners of the affected vehicles have a reasonable expectation that their vehicles' CVT will not malfunction or fail, resulting in costly repairs and myriad safety hazards.

Consumers have complained consistently since 2013, if not earlier, about the CVT Defect, and Nissan has known, since 2013, if not earlier, of the CVT Defect. Owners and lessees have reported a significant delay in their Class Vehicles' response when attempting to accelerate from a stop or accelerate to merge into high-speed traffic. Complaints of the engine revving as the driver

depresses the gas pedal typically accompany this failure to accelerate immediately. Some complaints describe a sudden loss of power.

Nissan has issued at least six (6) technical service bulletins, service campaign bulletins, or revisions thereto, to address the CVT Defect. These include SB-10058399-9756, NTB14-118b, TSB NTB15-087a, NTB17-034d, NTB15-069a, NTB17-034e,

If Plaintiffs and Class Members had known about the CVT Defect at the time of sale or lease, they would not have purchased or leased the Class Vehicles or would have paid less for them.

Plaintiffs alleges violations of the Consumers Legal Remedies Act and Unfair Competition Law, Breach of Implied Warranty Breach of under California law and the Magnuson-Moss Warranty Act, Breach of Express Warranty pursuant to the California Commercial Code, and Unjust Enrichment.

**2.     Defendant:**

It is entirely unclear whether Plaintiffs' vehicles are in fact experiencing the same "CVT defect," as alleged. Plaintiffs simply assert that an unidentified defect is present in the CVTs of all class vehicles, causing a wide range of problems. They do not claim to know what the defect is and do not attempt to describe it with any specificity. It is not even clear whether all of the problems reported by Plaintiffs – and the anonymous individuals whose purported internet comments are cited in the Complaint – are related to transmissions at all. Plaintiffs report and cite varying symptoms ranging from odors to noise to poor acceleration, and some issues, such as the freeway stalling reported by Weckwerth, appear to have been related to components outside the CVT. Moreover, none of the named plaintiffs allege that they ever paid any money out-of-pocket for repairs relating their vehicles' CVTs.

3

4836-7308-2996.1
Case 3:18-cv-00588   Document 53   Filed 09/24/18   Page 3 of 10 PageID #: 424

The putative class vehicles (2013-2017 Nissan Versas, 2013-2017 Nissan Versa Notes, and 2013-2017 Nissan Jukes equipped with CVTs) do not have any uniform defect relating to the CVT. The vast majority of vehicles do not experience any of the symptoms described by Plaintiffs. Furthermore, there have been no reported injuries as a result of an alleged CVT judder condition in the putative class vehicles. Nor have there been any accidents or near accidents as a result of any alleged CVT defect. Many of the putative class vehicles remain under Warranty. To the extent that repairs fall within the warranty period, any transmission repairs are made without cost to the owner or lessee. NNA denies that it has actively concealed any issue or that it has failed to disclose any material fact that it had an obligation to disclose.

As is the case with all vehicles, NNA becomes aware of service issues that arise when the vehicle fleet is placed in service. It issues technical service bulletins to address these issues. The existence of technical service bulletins is not an indication that the vehicle contains a defect of any kind, and is contrary to the claims asserted by Plaintiffs.

As set forth fully in NNA's Motion to Dismiss, Plaintiffs legal claims are deficient in a number of important respects and most of the claims are not viable as a matter of law.

**D.     Issues Resolved/In Dispute:**

Jurisdiction, venue and service as to Nissan North America, Inc. are not disputed. All other material factual and legal issues are in dispute.

**E.     Initial Disclosures:**

The parties have agreed to serve their Rule 26(a)(1)(A)-(E) disclosures fourteen (14) days after the Case Management Conference (September 27, 2018), or on or before October 11, 2018.

**F.     ADR:**

The parties have discussed Alternative Dispute Resolution options provided in Local Rule 16.02 through 16.07. The parties believe a formal ADR process is premature at this time but will

communicate with each other in good faith as the case progresses.  At an appropriate time, the parties will work together to agree on a private mediator.

**G.     Schedule of Pretrial Proceedings:**

The parties believe that, for the time being, focusing on matters pertinent to class certification is an efficient and cost-effective course, based on the circumstances present in this matter.  Therefore, the Parties proposed deadlines and schedule address the certification stage only.

**1.     Fact Discovery:**

The parties recognize that document production on a rolling basis may be necessary but that production on the initial set of requests for production to all parties shall be on a rolling basis and be complete on or before May 1, 2019.  The parties agree that discovery necessary for class certification briefing shall be complete on or before September 16, 2019.

No discovery disputes may be brought to the Court for resolution before both lead counsel and local counsel for all parties have conducted a meeting (in person, by telephone, or a combination) and made a good faith effort to resolve any dispute(s).  Discovery disputes that cannot be resolved after the meeting should be brought promptly to the attention of the Magistrate Judge by a request for a discovery conference.  It will be within the Magistrate Judge's discretion whether to allow for the filing of discovery-related motions.  In connection with any discovery conference or discovery motion, the parties shall file a joint discovery dispute statement, which describes the specific discovery request(s) in dispute and details each party's position with supporting fact and legal authorities.  The joint discovery dispute statement shall certify that both lead counsel and local counsel for all parties conducted the aforementioned meeting and made a good faith effort to resolve each discovery dispute presented in the statement.  If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local

Rule 7.01, but must clearly state in the filing made in accordance with the timing requirements of Local Rule 7.01 that the joint statement is adopted as the party's memorandum of law or response.

## 2. Interrogatories:

Interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure and Local Rule 33.01 shall be limited to 35 unless leave of Court is first obtained to submit additional interrogatories.

## 3. Motions to Amend or Join Additional Parties:

The deadline for filing motions to amend the pleadings or join parties is March 2, 2019.

## 4. Proposed Schedule for Motion for Class Certification:

The parties propose the following agreed schedule:

| | |
|---|---|
| Deadline for Plaintiffs to file a Motion for Class Certification | October 16, 2019 |
| Plaintiffs' expert disclosures and reports due for any experts to be relied upon in support of Motion for Class Certification | October 16, 2019 |
| Deadline for Plaintiffs to produce class certification experts for deposition | November 15, 2019 |
| Deadline to file response to Motion for Class Certification | January 10, 2020 |
| Defendants' expert disclosures and reports due for any experts to be relied upon in opposition to Motion for Class Certification | January 10, 2020 |
| Deadline for Defendants to produce class certification experts for deposition | February 10, 2020 |
| Deadline to file reply re: Motion for Class Certification | March 10, 2020 |
| Class Certification hearing | TBD |

5.  **Dispositive Motions:**

The deadline for filing any dispositive motions that are to be considered prior to or in connection with class certification should coincide with the parties respective deadlines for filing a class certification motion or response

**H.  Subsequent Case Management Conferences:**

The parties are not requesting any additional case management conferences prior to any ruling on NNA's Motion to Dismiss. The parties are willing to participate at such intervals as the Court desires.

**I.  Target Trial Date:**

The parties propose that deadlines concerning discovery remaining after a ruling on Plaintiffs' class motion, dispositive motions, and a pretrial schedule should be addressed after the Court has made a determination on class certification. Therefore, no proposed trial date is provided at this time.

**J.  Other Matters**

The Parties will work on a Stipulated Protective Order governing confidential and highly confidential information. The parties are working together on e-discovery and are negotiating any needed revisions to Administrative Order 174-1.

It is so ORDERED.

Enter this \_\_\_\_\_ day of September, 2018.

_____
JUDGE WILLIAM L. CAMPBELL

**APPROVED FOR ENTRY:**

| | |
|---|---|
| *s/ Caroline Ramsey Taylor*<br>Caroline Ramsey Taylor<br>John C. Whitfield<br>WHITFIELD BRYSON & MASON, LLP<br>518 Monroe Street<br>Nashville, TN 37208<br>Telephone: (615) 921-6500<br>caroline@wbmllp.com<br>john@wbmllp.com<br><br>Russell D. Paul<br>Lawrence Deutsch<br>Jeffrey L. Osterwise<br>BERGER & MONTAGUE, P.C<br>1622 Locust Street<br>Philadelphia, PA 19103-6305<br>Telephone: (215) 875-3000<br>rpaul@bm.net<br>ldeutsch@bm.net<br>josterwise@bm.net<br><br>Jordan L. Lurie<br>Tarek H. Zohdy<br>Cody R. Padgett<br>Robert K. Friedl<br>Trisha K. Monesi<br>Capstone Law APC<br>1875 Century Park East, Suite 1000<br>Los Angeles, California 90067<br>Telephone: (310) 556-4811<br>Jordan.Lurie@capstonelawyers.com<br>Tarek.Zohdy@capstonelawyers.com<br>Cody.Padgett@capstonelawyers.com<br>Trisha.Monesi@capstonelawyers.com<br>Robert.Friedl@capstonelawyers.com<br><br>Gary E. Mason<br>Jennifer Goldstein<br>WHITFIELD BRYSON & MASON, LLP<br>5101 Wisconsin Ave. NW Suite 305<br>Washington, D.C. 20016<br>Telephone: (202) 429-2290<br>gmason@wbmllp.com<br><br>*Attorneys for Plaintiff* | */s E. Todd Presnell*<br>E. Todd Presnell, BPR #17521<br>BRADLEY ARANT BOULT CUMMINGS, LLP<br>1600 Division Street, Suite 700<br>Nashville, Tennessee 37203<br>Telephone: (615) 252-2355<br>tpresnell@bradley.com<br><br>Michael R. Pennington<br>BRADLEY ARANT BOULT CUMMINGS LLP<br>1819 Fifth Avenue North<br>Birmingham, AL 35203<br>Telephone: (205) 521-8391<br>mpennington@bradley.com<br><br>and<br><br>E. Paul Cauley, Jr. (*pro hac vice pending*)<br>DRINKER BIDDLE & REATH, LLP<br>1717 Main Street, Suite 5400<br>Dallas, Texas 75201-7367<br>Telephone: (469) 357-2503<br>paul.cauley@dbr.com<br><br>*Attorneys for Nissan North America, Inc.* |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2018 a copy of the foregoing was filed electronically with the Clerk's office by using the CM/ECF system and served electronically upon all counsel as indicated below:

Caroline Ramsey Taylor
John C. Whitfield
WHITFIELD BRYSON & MASON, LLP
518 Monroe Street
Nashville, TN 37208
Telephone: (615) 921-6500
caroline@wbmllp.com
john@wbmllp.com

Russell D. Paul
Lawrence Deutsch
Jeffrey L. Osterwise
BERGER & MONTAGUE, P.C
1622 Locust Street
Philadelphia, PA 19103-6305
Telephone: (215) 875-3000
rpaul@bm.net
ldeutsch@bm.net
josterwise@bm.net

Jordan L. Lurie
Tarek H. Zohdy
Cody R. Padgett
Robert K. Friedl
Trisha K. Monesi
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone: (310) 556-4811
Jordan.Lurie@capstonelawyers.com
Tarek.Zohdy@capstonelawyers.com
Cody.Padgett@capstonelawyers.com
Trisha.Monesi@capstonelawyers.com
Robert.Friedl@capstonelawyers.com

Gary E. Mason
Jennifer Goldstein
WHITFIELD BRYSON & MASON, LLP
5101 Wisconsin Ave. NW Suite 305
Washington, D.C. 20016
Telephone: (202) 429-2290
gmason@wbmllp.com
Jgoldstein@wbmllp.com

*Attorneys for Plaintiff*

*/s/ E. Todd Presnell*
E. Todd Presnell